IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>RICARDO N. MURO,<br>Defendant. | **8:23-CR-118**<br><br>**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF CERTIFICATE OF APPEALABILITY** |

This matter is before the Court on defendant Ricardo N. Muro's *pro se* Motion for Reconsideration for Certificate of Appealability.[1] Filing 108. Muro appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which "dismissed Muro's appeal, concluding that the appeal waiver in Muro's Rule 11(c)(1)(C) plea agreement 'was applicable to the issues raised in this appeal' and that there were 'no non-frivolous issues for appeal outside the scope of the appeal waiver.'" Filing 106 at 4–5 (citing *United States v. Muro*, Case No. 24-3369, 2025 WL 1261067, at *1 (8th Cir. May 1, 2025) (unpublished)). Muro then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 105. The Court issued a thorough order explaining why the motion's ineffective assistance of counsel claim was meritless. *See generally* Filing 106. Because "[r]reasonable jurists would not find the Court's decisions debatable," the Court declined to issue a certificate of appealability. Filing 106 at 21–22. The defendant then filed the

[1] Pursuant to a Rule 11(c)(1)(C) plea agreement, the Court sentenced the defendant to a term of 225 months' incarceration for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Filing 85 (Text Minute Entry); Filing 86 (Judgment).

Motion for Reconsideration of Certificate of Appealability presently before the Court. Filing 108. The Court has taken another look and, again, finds that reasonable jurists would not find the Court's decisions debatable in denying the defendant's § 2255 Petition. Therefore, the defendant's motion for reconsideration is denied.

The Court thoroughly explained the relevant background in its Memorandum and Order denying the defendant's § 2255 Petition, and this background need not be restated here. *See generally* Filing 106. The defendant's § 2255 Petition asserted "two prongs to [the] ineffective assistance of counsel claim." Filing 106 at 5, 8 ("The sole ground for habeas relief is that Muro's defense counsel provided ineffective assistance of counsel." (citing Filing 105 at 4)). The first prong was Muro's allegation that his counsel was ineffective during the plea-bargaining stage. *See* Filing 105 at 15. The second prong was based on Muro's assertion that his counsel was ineffective, and admitted as much, at sentencing. Filing 105 at 21. The defendant appears to relitigate these two same prongs in his Motion for Reconsideration. *See* Filing 108 at 4 (saying "(1) Petitioner asserts that his counsel's [Ms. Hanse] [sic] provided ineffective assistance . . . while he was in the plea-bargaining stage" and "(2): Counsel's own admission of ineffective assistance [at sentencing]" (alteration in original)).

The defendant appears to recycle most, if not all, of his original § 2255 Petition. Significant portions of the present motion are nothing more than copied and pasted from his original Petition, and the defendant does not attempt to engage the Court's prior order elsewhere. *Compare* Filing 105 at 15–22 (§ 2255 Petition) *with* Filing 108 at 4–10. Nonetheless, to the extent the defendant attempts to raise new grounds for the Court to consider in his Motion for Reconsideration, those grounds are not properly before the Court on a § 2255 Petition. Even if they were, the defendant would be precluded from raising them, as such a motion would constitute an unauthorized second,

successive § 2255 Petition—which the defendant would be statutorily barred from raising. 28 U.S.C. § 2255(h). The Court has reviewed the grounds asserted in the defendant's original position again with an eye on whether a reasonable jurist would find the Court's decisions in its original order debatable. The Court issued a thorough order detailing why the defendant's Petition was meritless, gave multiple reasons why the defendant's grounds failed, and has now issued 26 pages of orders with respect to this defendant's post-conviction motions. The Court identifies no reason to question the integrity of its earlier findings.

As mentioned above, the defendant appears to relitigate the two prongs that composed his Petition: (1) ineffective assistance of counsel at the plea bargaining stage and (2) purported admitted ineffective assistance of counsel at sentencing. *See generally* Filing 108. In addition to the other reasons provided in the Court's order dismissing the Petition, both ineffective assistance of counsel grounds fail because the defendant cannot demonstrate that he was prejudiced by any possible deficient performance.[2] *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)). The defendant cannot show that he was prejudiced at the plea bargaining stage because there was and still is no indication that Muro "would have done anything besides plead guilty." Filing 106 at 16 (citing Filing 105); *Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017) (saying courts should look to "contemporaneous evidence" in assessing whether to "upset a plea"). The Court stands by its finding that "Muro's claim that he would not have entered the Rule 11(c)(1)(C) plea agreement but for his counsel's alleged failure to advise him of the 'proper' guidelines is a *post hoc*

[2] The Court also explained why counsel's performance was likely not deficient in its earlier order. *See generally* Filing 106.

assertion that is altogether untethered from Muro's representations at his change of plea hearing." Filing 106 at 17; *Thompson*, 872 F.3d at 566. Because Muro's Petition did not show "an overall reasonable probability of a different *outcome*," the Court was correct in rejecting his claim for ineffective assistance of counsel during the plea-bargaining stage. Filing 106 at 16 (internal quotation marks omitted) (quoting *Donelson v. Steele*, 16 F.4th 559, 573 (8th Cir. 2021)). With respect to the second prong of the defendant's Petition, in addition to the other reasons provided by the Court in its earlier order, Muro cannot show prejudice because "[i]n light of the Rule 11(c)(1)(C) plea agreement—which the record indicates Muro entered voluntarily and knowingly"—the defendant cannot show that he was prejudiced.[3] Filing 106 at 21; *Harris*, 83 F.4th at 1097. Reasonable jurists would not have found the Court's findings debatable. A certificate of appealability will not issue because the defendant has failed to "demonstrate that the issues are debatable among jurists of reason." *Randolph*, 276 F.3d at 403 n.1 (8th Cir. 2002). Accordingly,

IT IS ORDERED that the defendant's Motion for Reconsideration for Certificate of Appealability, Filing 108, is denied.

Dated this 24th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge

[3] The defendant was sentenced within the terms of the Rule 11(c)(1)(C) agreement. Filing 57 at 3; Filing 86.